**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Terry Lewis DAVIS,
Defendant-Appellant.**

No. 78–5195
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 16, 1979.

Rehearing Denied March 14, 1979.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Joseph W. Howard, Jacksonville, Fla. (Court Appointed), for defendant-appellant.

Thomas E. Morris, Asst. U. S. Atty., John J. Daley, Jr., U. S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before THORNBERRY, GODBOLD and RUBIN, Circuit Judges.

PER CURIAM:

Appellant was convicted in the Middle District of Florida on three counts arising from his use of the mails to deliver an explosive device with intent to kill. On this direct appeal, he challenges his conviction on two grounds. First, appellant argues that his second trial on these charges violated the Double Jeopardy Clause of the Constitution. Although the judge's order of mistrial in the first trial was given at appellant's request, appellant asserts that the prosecutor's actions necessitated the request and that we should therefore review his double jeopardy claim under the relatively strict "manifest necessity" standard. *See Arizona v. Washington*, 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978). Appellant's contention is nearly identical to that rejected in *United States v. Dinitz*, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976). As recently stated by another panel of this circuit:

> When the prosecutor or the court acts in such a way that the defendant feels compelled to move for a mistrial, the Government can be said to be responsible, in some sense, if the trial is terminated. But the teaching of *Dinitz* is that such a motion precludes a subsequent plea of former jeopardy in all cases except where the Government has acted in bad faith.

*United States v. Bobo*, 586 F.2d 355, p. 364 (5 Cir. 1978). As interpreted by this circuit, the "bad faith" standard applied to the government in these situations prohibits grossly negligent or intentional misconduct that seriously prejudices the defendant. *United States v. Crouch*, 566 F.2d 1311, 1318 (5 Cir. 1978); *United States v. Kessler*, 530 F.2d 1246, 1256 (5 Cir. 1976). Similarly, this court has held that a violation of the sequestration rule for witnesses is not even reversible error unless the defendant proves that he was prejudiced by the violation. *United States v. Warren*, 578 F.2d 1058 (5 Cir. 1978) (en banc). Finally, a trial judge's finding that the prosecutor acted in good faith cannot be set aside unless it is clearly erroneous. *Crouch*, 566 F.2d at 1318.

We can find no reason to overturn the trial judge's finding in this case that the prosecutor's conduct was inadvertent rather than in bad faith. Furthermore, appellant has not alleged that he was prejudiced in any way by the events of which he complains. Therefore, appellant's double jeopardy claim is without merit.

Davis' second argument is that the admission of certain evidence at his trial was error because it was obtained through a search warrant that was impermissibly general and improperly executed. It is fundamental that the fourth amendment requires a "particular description" of the items to be seized. *Andresen v. Maryland*, 427 U.S. 463, 480, 96 S.Ct. 2737, 2748, 49 L.Ed.2d 627 (1976). When an exact description of the objects of the search is a "virtual impossibility," however, "the searching officer can only be expected to describe the generic class of items he is seeking." *James v. United States*, 416 F.2d 467 (5 Cir. 1969), *cert. denied*, 397 U.S. 907, 90 S.Ct. 902, 25 L.Ed.2d 87 (1970). The search warrant in this case authorized the seizure of "white string, brown paper, corregated [sic] paper. . . ." These materials were listed in the search warrant because investigators found pieces of such materials in the vicinity of the explosion. Any more particularized description of the materials would have been virtually impossible. Those exe-cuting the search warrant could not be expected to chemically analyze prior to seizure any items in those general classes to determine if they were identical to the material found at the explosion site. Therefore, we reject appellant's contention that the warrant was impermissibly general.

During the execution of the warrant, investigators also seized a scrap of newspaper that matched newspaper pieces found at the bomb site. The search warrant did not authorize the seizure of newspapers. This omission, however, is inconsequential. While properly executing the warrant the investigators found the newspaper. The newspaper clearly had a sufficient nexus to the crime being investigated to be subject to seizure. *Andresen v. Maryland*, 427 U.S. 463, 483, 96 S.Ct. 2737, 2749, 49 L.Ed.2d 627 (1976). Therefore, admission of the newspaper fragments into evidence was not error.

AFFIRMED.