UNITED STATES of America, Plaintiff-Appellee,

v.

Meliton GARZA, Jr., Defendant-Appellant.

No. 78–3609.

United States Court of Appeals, Fifth Circuit.

Oct. 1, 1979.

Rehearing Denied Nov. 5, 1979.

Dick DeGuerin, Houston, Tex., for defendant-appellant.

John M. Potter, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before WISDOM, CLARK and GEE, Circuit Judges.

GEE, Circuit Judge:

This is the second time that this case has come before this court, and defendant faces the possibility of a third trial. The facts are set out in our prior opinion, *United States v. Garza*, 574 F.2d 298 (5th Cir. 1978). Defendant was convicted of conspiracy to import marijuana in violation of 21 U.S.C. §§ 952(a), 963, and possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). We reversed and remanded for a new trial. During the course of the second trial, defendant made several motions for a mistrial. The court granted his last motion on the ground that three incidents, when taken together, warranted that relief. The three incidents were: (1) the prosecutor commented, in response to a defense objection,[1] in a manner that the trial court interpreted to be an "improper reference" to his prior *James*[2] ruling that a conspiracy had been established; (2) the prosecutor laughed out loud when the defense counsel was cross-examining a witness; and (3) the prosecutor, with knowledge that Ramsey Muniz would assert a fifth amendment privilege not to testify, called him as a witness in the presence of the jury.

After the mistrial was granted, defendant brought a "plea in bar," asserting that a retrial would offend double jeopardy because the mistrial was prompted by error "motivated by bad faith or undertaken to harass or prejudice." The motion was denied, and defendant appeals pursuant to

---

1. While the prosecutor was examining a witness, the following exchange occurred before the jury:

 Q: [By the prosecutor] All right, so did anybody go down to Monterrey, Mexico, to check out the airstrips?
 [Defense counsel]: I object to the form of the question, Your Honor, in that it doesn't inquire as to how he knows, either of his own knowledge or whether someone told him that, don't know whether—
 [Prosecutor]: You know, Your Honor, really it wouldn't make any difference if a conspiracy has been established whether he was told that or whether he knows of his own knowledge.

2. *United States v. James*, 590 F.2d 575 (5th Cir. 1979).

*Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977).

 The law governing this case is clear and undisputed. When a mistrial is granted on a motion by the defendant, the double jeopardy clause ordinarily will not bar his reprosecution. *Lee v. United States,* 432 U.S. 23, 32–33, 97 S.Ct. 2141, 53 L.Ed.2d 80 (1977); *United States v. Dinitz,* 424 U.S. 600, 607–08, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976). If, however, the error underlying the motion was "motivated by bad faith or undertaken to harass or prejudice the [defendant]," *id.* at 611, 96 S.Ct. at 1081–82, the government will not be permitted to subject the defendant to a retrial. *United States v. Kessler,* 530 F.2d 1246 (5th Cir. 1976). "As interpreted by this circuit, the 'bad faith' standard applied to the government . . . prohibits grossly negligent[3] or intentional misconduct that seriously prejudices the defendant." *United States v. Davis,* 589 F.2d 904, 906 (5th Cir. 1979) (citing *United States v. Crouch,* 566 F.2d 1311, 1318 (5th Cir. 1978)); *Kessler, supra* at 1256. "Thus, a stringent analysis of the prosecutor's conduct, considering the totality of the circumstances prior to the mistrial, to determine if there was 'prosecutorial overreaching' is our inquiry." *Id.* at 1256.

 Although we find the prosecutor's conduct in this case improper and prejudicial to the defendant, we conclude that, under the standards set forth above, it was not egregious enough to warrant the serious sanction of prohibiting reprosecution. The prosecutor's comment arguably implying that a conspiracy had been established,[4] while potentially prejudicial and perhaps sufficiently so in itself for a mistrial, was made in the heat of trial in response to an objection by defendant's counsel. It appears to have been an inadvertent mistake rather than an intentional effort to prejudice appellant. *See Crouch, supra* at 1319.

With respect to the laughing incident, the trial judge in his memorandum opinion found that the prosecutor's laughter was "spontaneous and not intentional" but "nonetheless inexcusable and prejudicial."[5] Such conduct, though wholly inappropriate, does not evidence "bad faith" on the part of the prosecutor.

The most serious incident, and the one that comes closest to intentional misconduct, involved the prosecutor's calling Ramsey Muniz as a government witness. At a bench conference held at defense counsel's request immediately after the prosecutor called Muniz, it was revealed that Muniz had previously advised the government of his intention to assert his fifth amendment right not to testify. The prosecutor contended, however, that Muniz no longer had any fifth amendment privilege because of a plea agreement he had signed. While the attorneys were conferring with the judge, the Deputy United States Marshals, unaware of the defendant's objection, brought Muniz into the courtroom in full view of the jury. The judge then silently directed the Marshals to remove Muniz from the courtroom.

Regardless of whether Muniz could properly invoke the fifth amendment,[6] the prosecutor should have had the validity of the privilege determined out of the presence of the jury to avoid any possible prejudice to the defendant. *See United States v. Melchor Moreno,* 536 F.2d 1042, 1048–49 (5th Cir. 1976); *United States v. Gomez Rojas,* 507 F.2d 1213, 1220 (5th Cir.), *cert. denied,* 423 U.S. 826, 96 S.Ct. 41, 46 L.Ed.2d 42 (1975); *United States v. Lacouture,* 495

---

**3.** Mere negligence on the part of the government is not enough. *Lee v. United States, supra,* 432 U.S. at 32–34, 97 S.Ct. 2141; *United States v. Crouch,* 566 F.2d 1311, 1318 n.9 (5th Cir. 1978).

**4.** *See* n.1, *supra.* The prosecutor did not specifically refer to the court's ruling that a conspiracy had been established but couched his comment in terms of the hypothetical "if."

**5.** Findings of fact by the trial court will not be set aside on review unless clearly erroneous. Fed.R.Civ.P. 52(a); *Crouch, supra* at 1318.

**6.** We express no opinion concerning Muniz' fifth amendment privilege.

F.2d 1237 (5th Cir.), *cert. denied*, 419 U.S. 1053, 95 S.Ct. 631, 42 L.Ed.2d 648 (1974). His failure to do so was deliberate and, in light of the notoriety of Ramsey Muniz,[7] undoubtedly prejudicial to the defendant. After a close examination of the record, we conclude, however, that defendant was not so seriously prejudiced that he could reasonably conclude that a continuation of the trial would inevitably have resulted in his conviction. *Dinitz, supra*, 424 U.S. at 608, 96 S.Ct. 1075. Defendant submits that the circumstances surrounding this incident allowed the jury to infer that Muniz would have incriminated the defendant and that defendant's counsel was therefore attempting to prevent Muniz' testimony. This contention is not without merit, but it does not take into consideration that Muniz neither took the witness stand nor invoked his fifth amendment privilege. Had he done so, the resulting prejudice to the defendant would have been far less speculative than on the instant facts. Even this, however, would not require us to reach a different result. *See Namet v. United States*, 373 U.S. 179, 83 S.Ct. 1151, 10 L.Ed.2d 278 (1963). Moreover, we cannot say with assurance that the prosecutor's conduct was "motivated by bad faith." The existence of the plea agreement granting Muniz immunity raises the possibility that the prosecutor entertained some doubt as to whether Muniz could in fact assert his fifth amendment right. *Cf. Kessler, supra* (double jeopardy held to bar retrial where government intentionally introduced false evidence).

In sum, we find that the three incidents, even when taken together, did not generate prejudice sufficient to satisfy the *Dinitz* standards. While we certainly do not condone the prosecutor's conduct in this case, we have previously cautioned against being too quick to find prosecutorial misconduct

in the context of double jeopardy claims since "the inevitable result would be that trial judges would simply stop granting motions for mistrial." *Crouch, supra* at 1321. With this in mind, we AFFIRM.

---

7. Muniz, a lawyer and controversial Mexican-American political figure, had twice run for governor of Texas as the Raza Unida Party candidate. He had also been charged with participating in the same drug conspiracy as defendant Garza and had been separately indicted. Subsequently, Muniz absconded but was recaptured on the International Bridge at Laredo, Texas, on Christmas Eve, 1976. He then pled guilty to his indictment. All of Muniz' various endeavors received extensive press coverage, and he was apparently well known throughout South Texas.