UNITED STATES of America,
Plaintiff-Appellee,

v.

Hoyt Albert GAULTNEY,
Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Gary Keith STEAGALD,
Defendant-Appellant.

Nos. 78–5329, 78–5416.

United States Court of Appeals,
Fifth Circuit.

April 14, 1980.

Albert M. Horn, J. Richard Young, Asst. Public Defender, Atlanta, Ga., for defendant-appellant.

Robert A. Boas, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

[Opinion Nov. 13, 1979, 606 F.2d 540 (5th Cir. 1979)]

Before THORNBERRY, CHARLES CLARK and KRAVITCH, Circuit Judges.

PER CURIAM:

The decision of this panel in these actions appears at 606 F.2d 540 (5th Cir. 1979). On petition for panel rehearing, the majority opinion is modified by inserting the following paragraph after the thirteenth line, in the first column, on page 545:

Where the information leading to the formulation of the officer's reasonable belief is supplied by a confidential informant, a defendant at a motion to suppress hearing may challenge the validity of the information under *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States,* 394 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). *See generally Rodriguez v. Jones,* 473 F.2d 599, 605–06 n.3 (5 Cir.), cert. denied, 412 U.S. 953, 93 S.Ct. 323, 37 L.Ed.2d 1007 (1973). The inquiry to be made is simple and straightforward: Were the officers who decided to act on the information supplied by the confidential informant aware at the time they chose to act of "underlying circumstances" making the informant "reliable" and his information "credible"? The record discloses that Agents Rassey and Goodowens were aware of such underlying circumstances. The confidential informant's record of past reliability was known to Agent Rassey and is unchallenged by appellants' counsel. *See* note 2, *supra* at 542–43. Additionally, Agent Rassey was aware that the informant had known both "Jimmy" and Ricky Lyons for a number of years, that the informant had spoken to "Jimmy" in the Detroit area during or just before Christmas 1977, that the informant on January 14, 1978, had spoken with "Jimmy" by telephone and had been given a telephone number in the Atlanta, Georgia, area where "Jimmy" and Ricky Lyons would be within the next twenty-four hours, and that during a subsequent telephone conversation with "Jimmy" the confidential informant had heard Ricky Lyons' voice in the background. Agent Rassey passed much of this information along to Agent Goodowens. The knowledge of both the confidential informant's past reliability and the precise methods by which he gathered his information in this case provided sufficient underlying circumstances from which the agent properly could conclude that the informant was reliable and the information he supplied was credible.

In all other respects, the petition for panel rehearing is DENIED.

A member of the court in active service having requested a poll on the reconsideration of these causes en banc, and a majority

of the judges in active service not having voted in favor of it, the petition for rehearing en banc is DENIED.

KRAVITCH, Circuit Judge, dissenting:

I disagree with the majority that the tenuous information appended to the panel opinion satisfies the teachings of *Aguilar* and *Spinelli*. The more important problem, however, is the extension of the rule announced in *United States v. Cravero*, 545 F.2d 406 (5th Cir. 1976), a rule of questionable validity and wisdom even in the less egregious circumstances present in that case. Expansion of this rule constitutes a disturbing erosion of the Fourth Amendment rights of third parties.