**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Joseph P. J. CHARETTE,**
**Defendant-Appellant.**

**No. 79–3916**
**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

Aug. 28, 1980.

Joel Fanning, Miami, Fla., for defendant-appellant.

Kathleen B. Levitz, Public Integrity Section, Crim. Div., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before BROWN, TJOFLAT and FRANK M. JOHNSON, Jr., Circuit Judges.

PER CURIAM:

Appellant, Joseph P. J. Charette, a former administrator for the Drug Enforcement Administration in Mexico City, was indicted for three counts of embezzlement of monies belonging to the United States in violation of 18 U.S.C. § 641; for one count

\* Fed.R.App.P. 34(a); 5th Cir. R. 18.

of making a false statement in violation of 18 U.S.C. § 1001; and for one count of making false statements in a loan application submitted to a federal credit union in violation of 18 U.S.C. § 1014. A mistrial was declared. Prior to a second trial Charette appeals from the District Court's denial of his motion to dismiss the indictment against him. He asserts that a retrial would violate the double jeopardy provision of the Fifth Amendment. Because we find that his contention is without merit, we affirm.

At the bottom of Charette's appeal is the Government's delinquency in failing to timely produce certain discoverable documents and statements in compliance with Rule 16, F.R.Crim.P. Charette contends that the Government acted in bad faith in this regard. He points to a number of incidents which occurred at trial in support of his claim of bad faith on the part of the Government.

First, Charette points to the fact that on the morning of trial, the Government presented Charette with a substantial stack of documents. The trial judge denied Charette's motion to exclude the documents but granted Charette a two hour recess which, Charette conceded, was sufficient to review the material. The Judge found that the Government had not acted willfully in failing to furnish the documents earlier.

As additional evidence of bad faith, Charette points to the incident concerning Government Exhibit 39. This exhibit was excluded on grounds that it had not been provided in discovery. Counsel for Charette testified to the Judge that he could not find the exhibit among the items in the packet which had been sent to him prior to trial, and that his packet was complete. Counsel for the Government argued that the exhibit had been sent to counsel for Charette, but stated to the Judge that she could not testify to that effect. The contents of the exhibit were never disclosed to the jury.

Finally, Charette draws the Court's attention to the circumstances surrounding the declaration of mistrial as further evidence of Governmental bad faith. Mistrial was granted, on Charette's motion, when a Government witness testified that Government Exhibit 66A, a chart, was based in part on statements made by Charette. Charette's attorney immediately objected to the exhibit. He argued that although the Government had made the chart available to Charette, the Government had failed to disclose either Charette's statements or the fact that the exhibit contained statements by Charette. Sine the exhibit had been admitted and distributed to the jury prior to this discovery by Charette or the trial judge, the court granted a mistrial. The trial judge denied Charette's trial motion for dismissal of the indictment and subsequently denied a formal motion by Charette to dismiss the indictment on the grounds that retrial would violate double jeopardy. This appeal ensued pursuant to *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977).

The applicable law which governs this appeal is well settled. Ordinarily, a mistrial granted on a defendant's motion does not bar retrial on double jeopardy grounds except where the mistrial is attributable to the Government having acted in bad faith. *Unites States v. Dinitz*, 424 U.S. 600, 611, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976); *United States v. Davis*, 589 F.2d 904, 905–06 (5th Cir.), *cert. denied*, 441 U.S. 950, 99 S.Ct. 2178, 60 L.Ed.2d 1055 (1979). This Circuit has consistently interpreted the "bad faith" standard as requiring a finding of gross negligence or intentional misconduct on the part of the Government which has seriously prejudiced the defendant. *United States v. Gaultney*, 606 F.2d 540, 547 (5th Cir. 1979), *modified on other grounds*, 615 F.2d 642 (1980); *Davis*, 589 F.2d at 906. The totality of the circumstances prior to the mistrial order must be analyzed in order to determine the existence of bad faith on the part of the Government. *Gaultney*, 606 F.2d at 547; *United States v. Kessler*, 530 F.2d 1246, 1255–56 (5th Cir. 1976). Finally, a trial judge's finding that the Government did not act in bad faith cannot be set aside unless it is clearly erroneous. *United*

*States v. Luttrell,* 609 F.2d 1190, 1192 (5th Cir. 1980); *Davis,* 589 F.2d at 906.

The trial judge consistently found that the Government had not acted in bad faith. Upon careful review of the record, considering the totality of the circumstances, we are unable to say that this finding of the trial judge is clearly erroneous. Having concluded that the Government did not act in bad faith, we need not reach the question of whether Charette was "seriously prejudiced" by the circumstances which gave rise to the mistrial. Therefore, Charette's double jeopardy claim is without merit.

AFFIRMED.