UNITED STATES of America,
Plaintiff-Appellee,

v.

David Francis WESTOFF,
Defendant-Appellant.

No. 80–3429.

United States Court of Appeals,
Fifth Circuit.
Unit A

Aug. 21, 1981.

Hal Gerber, Memphis, Tenn., Martin S. Gerber, Chicago, Ill., W. Miguel Swanwick, Alexandria, La., for defendant-appellant.

J. Ransdell Keene, U.S. Atty., D.H. Perkins, Jr., Asst. U.S. Atty., Shreveport, La., for plaintiff-appellant.

Before MARKEY *, Chief Judge, and GEE and POLITZ, Circuit Judges.

MARKEY, Chief Judge:

Westoff appeals from denial of his motion to dismiss based on the Double Jeopardy Clause of the Fifth Amendment. We affirm.

### Background

A first indictment, returned August 24, 1979, did not name Westoff. A first superseding indictment, returned September

---

* Of the U.S. Court of Customs and Patent Appeals, sitting by designation.

21, 1979, named Westoff and others. Count I alleged that between March 1, 1978 and August 10, 1979, the coconspirators conspired to commit the offenses of unlawfully importing cocaine in violation of 21 U.S.C. § 952(a), possessing cocaine with intent to distribute it, and distributing cocaine in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846. Though fifteen pre-trial motions were filed, no defendant filed a motion alleging that Count I was duplicitous.

A second superseding indictment was returned December 5, 1979. It named Westoff and others. Its Count I was identical with that of September 1979, except for the names of other defendants and a different time of conspiracy (September 1, 1978 to September 11, 1979). Again, none of the thirteen pre-trial motions filed by defendants challenged Count I as duplicitous.

A third superseding indictment was filed January 9, 1980, naming Westoff and one other. Count I alleged that between September 1, 1978 and September 11, 1979, the defendants conspired to import cocaine in violation of 21 U.S.C. § 952(a), and to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. §§ 846 and 963. Neither defendant filed a motion challenging Count I as duplicitous, or alleging vindictive prosecution, though among thirteen pre-trial motions filed February 4, 1980, was one seeking dismissal of Counts II–VII for duplicity, and another seeking dismissal of Counts XII and XIII for duplicity, and though defendants moved on March 17, 1980 for dismissal of Counts VIII through XI for duplicity.

On March 17, 1980, Judge Nauman S. Scott ordered all indictments, other than that of January 9, 1980, dismissed as to Westoff and his codefendant. Trial on the January 9, 1980 indictment occurred from March 24 to March 31, 1980. The Government presented its evidence. The defense rested its case without presenting any evidence. Judge Scott called a jury instruction chambers conference, at the outset of which defense counsel asked for dismissal of the indictment in view of Count I, because: "... there is a definite duplicity in the allegation of two separate and distinct conspiracies. And I refer to the charge here, the conspiracy in Count One was in violation of Sections 846 and 963 of Title 21...."

The ensuing discussion in chambers centered around this court's decision in *United States v. Rodriguez*, 612 F.2d 906, which issued on February 27, 1980, and on whether defendants were prejudiced by having been tried for violation of two statutory sections, 21 U.S.C. § 846 and 21 U.S.C. § 963, under the single Count I. The prosecutor suggested use of a special verdict form by which the jury could vote separately on the two sections as to each defendant. Judge Scott denied the motion to dismiss the indictment as untimely; found *Rodriguez* unhelpful because it dealt with sentencing; found all counsel to have acted in good faith and indicated that defendants might move for mistrial if they felt the presence of prejudice as a result of Count I. That motion was made and granted and the case was reset for trial.

On April 24, 1980, an indictment was returned charging Westoff and his codefendant in Count I with conspiracy to import cocaine in violation of 21 U.S.C. § 963, and in Count II with conspiring to possess cocaine with intent to distribute it in violation of 21 U.S.C. § 846. On April 28, 1980, the government moved to dismiss the January 9, 1980 indictment on which trial had been held. That motion was granted on April 29, 1980.

Westoff filed twenty-one pretrial motions, including one for dismissal on grounds of double jeopardy and prosecutorial vindictiveness. Judge Scott denied that motion on May 23, 1980, entering a finding that it was not frivolous. Denial of that motion is before us on this appeal.

### ISSUE

Whether Judge Scott erred in denying Westoff's motion to dismiss on double jeopardy grounds.

## OPINION

It has been held that jeopardy attaches when the defendant is put to trial before jury or judge. *United States v. Jorn*, 400 U.S. 470, 479, 91 S.Ct. 547, 554, 27 L.Ed.2d 543 (1971); *Downum v. United States*, 372 U.S. 734, 737, 83 S.Ct. 1033, 1035, 10 L.Ed.2d 100 (1963); *Green v. United States*, 355 U.S. 184, 188, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957); *Wade v. Hunter*, 336 U.S. 684, 688, 69 S.Ct. 834, 836, 93 L.Ed. 974 (1949). As recognized from the earliest days of our jurisprudence, however, a mechanical rule precluding retrial after a mistrial, even a mistrial without defendant's consent, would place at risk values paralleling those inherent in the Double Jeopardy Clause. *United States v. Perez*, 9 Wheat. 579, 6 L.Ed. 165 (1824). The interplay of values involved in application of the Clause was discussed in *Jorn, Downum, Green,* and *Hunter, supra*.

As the Supreme Court has made clear in the cases cited, a plea of former jeopardy does not render a mistrial the automatic equivalent of an acquittal. A mistrial normally reflects not that a person has been once tried, but that the person has not yet in the eyes of the law been tried. Hence the sequence mistrial-retrial is not in itself and always a violation of the Fifth Amendment's injunction that no person be "twice put in jeopardy of life or limb". Nor is there such a violation inherent in the sequence trial-reversal-new trial, or in the sequence trial-grant of new trial on motion.

■ The conceptual contours of the former jeopardy defense may not be crystaline. Within those contours, however, reprosecution is permissible after a conviction has been reversed on an appeal in light of errors committed in the trial. *United States v. Ball*, 163 U.S. 662, 672, 16 S.Ct. 1192, 1195, 41 L.Ed. 300 (1896). Also within those contours, reprosecution is precluded where the defendant has been acquitted, even by implication, of the offense sought to be reprosecuted. *Green*, 355 U.S. at 189–

91, 78 S.Ct. at 224–25. In determining the constitutionality of a retrial after a mistrial, the test is whether all the circumstances of the case, not abstract formulae, warrant mistrial and retrial. *Hunter*, 336 U.S. at 691, 69 S.Ct. at 838.

■ Thus the Supreme Court, in considering application of the Double Jeopardy Clause to mistrial situations, requires a focus on the presence or absence of oppressive prosecutorial practices, the Clause not having been intended to preclude reprosecution, and thus to create an insuperable obstacle to administration of justice, when events make continuation of a trial impossible (*e. g.*, a hung jury) or simply unfair (*e. g.*, a biased juror). Barriers to reprosecution are also normally removed when defendant requests a mistrial and thereby exercises his discretion. *Jorn*, 400 U.S. at 485, 91 S.Ct. at 557; *United States v. Dinitz*, 424 U.S. 600, 607–08, 96 S.Ct. 1075, 1079–80, 47 L.Ed.2d 267 (1976). It is when the defendant is deprived of choice by the gross negligence or intentional misconduct of the government, that the possibility of a bar to reprosecution arises. We therefore look to the challenged conduct of the prosecutor in the present case.

■ In *United States v. Fine*, 644 F.2d 1018 (1981), this court outlined competing interests involved in application of the Double Jeopardy Clause when a defendant moves to dismiss on that ground after requesting and obtaining a mistrial. We will not repeat that discussion here. It is enough to indicate that appellant rests his argument on society's interest in fair and honest conduct by its prosecutors, alleging as a basis for barring reprosecution that the prosecutor here was guilty of gross negligence, intentional misconduct, and vindictiveness. The prosecutorial action under attack is that of proceeding to trial on a duplicitous count,[1] and the return of superseding indictments.

---

1. Westoff's main brief charged the prosecutor with "knowingly returning" a duplicitous indictment. The government's brief points out that *Rodriguez, supra* came down 50 days after

return of the indictment, that until then there was no reason even to suspect duplicity in Count I, and that Westoff's counsel was well aware of those facts at least as early as the

Appellant relies heavily on this court's indication in *United States v. Kessler*, 530 F.2d 1246, 1256 (1976), that when a prosecutor's "gross negligence or intentional misconduct" causes such prejudice as to force a defendant to move for mistrial, dismissal of the indictment under the Double Jeopardy Clause is warranted. In *Kessler*, however, the prosecutor introduced hearsay of a person known to be unavailable and a known false exhibit, a rifle.

We find nothing even suggestive of gross negligence on the part of the prosecutor here. A belief that Count I in the indictment of January 9, 1980 rested on one agreement and thus properly charged a single conspiracy did not evidence negligence. Similarly, a failure to replace that indictment before trial with one charging violations of sections 846 and 963 in separate counts, if negligent at all, was not such "gross negligence" as would bar reprosecution. Westoff says the prosecutor's reference to *Rodriguez, supra*, at the chambers conference proves he knew Count I was incurably duplicitous all along. We disagree. *Rodriguez* as Judge Scott indicated, dealt with sentencing and the need of an appellate court to know the basis for the jury's decision. At the post-trial instructions conference, when confronted for the first time by defendant's motion, the prosecutor candidly admitted a concern that *Rodriguez* may have rendered Count I duplicitous insofar as it would affect an appeal. As a cure for that defect, he recommended interrogatories to the jury, from the answers to which an appellate court could determine the basis of the verdict. That is

a far cry from the conduct reflected in *Kessler, supra*. No false, improper, or inadmissible testimony or exhibits were offered. There was here no prosecutorial effort to strike foul blows, in the belief that they would produce either victory or a second round. If negligence there were, in proceeding with trial after *Rodriguez*, it was not the "gross negligence" on which a bar to reprosecution may be founded.

Mere error with respect to whether Count I was duplicitous would be of no moment; nor would mere negligence bar reprosecution. *Illinois v. Somerville*, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973). Mere error or oversight is neither gross negligence nor intentional misconduct. Proceeding with Count I in this case was not conduct designed to avoid an acquittal by provoking a mistrial, thus saving for another day a chance for conviction then seen as lost. Nor does the record reflect any other conduct suggestive of "intentional misconduct" on the part of the prosecutor. Indeed, Judge Scott specifically found that "Both counsel, if you want to make this a matter of record, have been very diligent, both I think are in absolute good faith".[2] That finding is fatal to the notion that the prosecutor engaged in intentional misconduct.

In *United States v. Charette*, 625 F.2d 57 (1980), this court equated "bad faith" to "overreaching", and held that a finding that the government had not acted in bad faith would not be reversed unless shown to have been clearly erroneous.[3] Westoff has

date of the conference in chambers. Westoff's reply brief revises his charge against the prosecutor to one of "knowingly proceeding to trial" with a duplicitous indictment. The record does not reflect the date on which the prosecutor learned of *Rodriguez*, and, as pointed out in *Rodriguez*, 612 F.2d at 912 (Rubin, J., dissenting), the Supreme Court indicated in *Braverman v. United States*, 317 U.S. 49, 54, 63 S.Ct. 99, 102, 87 L.Ed. 23 (1942) that a conspiracy should not be fragmented to charge violations of two statutory provisions. In all events, it ill behooves Westoff, who filed motions attacking 11 counts as duplicitous before trial, and who allegedly discovered duplicity in Count I only after trial, to assume that the prosecutor's con-

duct could not possibly have resulted from inadvertence or from a good faith belief that Count I was proper.

2. Westoff cites a *different* finding of good faith "in presenting the evidence" and argues in his main brief that good faith was not found in drafting the indictment. The finding in the text was not limited to any one action of either counsel.

3. As the court said in *Charette*, 625 F.2d at 59, once good faith is found, the question of whether the defendant was "seriously prejudiced" by the circumstances giving rise to the mistrial need not be reached. In the present case,

not shown the finding of good faith here to have been clearly erroneous. On the contrary, Westoff admits that Judge Scott found that the prosecutor acted in good faith "in submitting evidence on an indictment assumed proper". Westoff's attack on the good faith finding consists only in a repetition of his charges that the prosecutor was guilty of "deliberately drafting a duplicitous count", and harassment by superseding indictments. Conclusory allegations cannot, however, establish that a finding was clearly erroneous. We therefore decline to overturn that finding.[4]

Westoff characterizes the return of superseding indictments, inserting different defendants and time frames, as harassment. He particularly attacks the indictment of April 24, 1980, in which Count I was divided into two counts in light of the grant of his motion for mistrial, calling that indictment an effort to punish him for exercising his right to a mistrial. He says, in view of *Rodriguez*, that he can be given consecutive sentences under the April 24, 1980 indictment, whereas he could not under the indictment of January 9, 1980 on which he was tried.

The superseding indictments in this case reflect no impropriety whatever. The prosecutor's affidavit, filed in opposition to a *Westoff* motion to dismiss the April 24, 1980 indictment, sets forth a clear and proper basis for each of the indictments filed. Judge Scott reviewed the entire grand jury proceedings and found the indictments proper. Westoff has not shown that finding to have been clearly erroneous. In *Jackson v. Walker*, 585 F.2d 139, 148 (1978) this court held that courts should not interfere with a prosecutor's discretion, unless actual vindictiveness were found. In *Hardwick v. Doolittle*, 558 F.2d 292, 301 (1977),

this court set out an illustrative list of explanations negating vindictiveness in relation to superseding indictments. The prosecutor's explanations of the causes for the superseding indictments here are equally effective in negating Westoff's allegations of vindictiveness. Moreover, it has not been shown that the superseding indictments here affected the trial or prejudiced Westoff at trial. See *United States v. Morrison*, 449 U.S. 361, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981).

In attacking the April 24, 1980 indictment because it charges violation of § 963 in Count I and violation of § 846 in Count II, Westoff is hoist on his own petard. That indictment was drawn in direct response to Westoff's election to seek a mistrial on the inappropriateness of a single count charging violation of §§ 963 and 846. To argue, as Westoff does, that vindictiveness resides in the return of an indictment designed to meet his objections to an earlier indictment, is to argue that a mistrial relating to a duplicitous count works an automatic acquittal. As above indicated, the general rule is that a retrial is not barred after declaration of a mistrial. An exception recognized by the courts requires that the mistrial shall have been forced by gross negligence or intentional misconduct of the prosecutor. Returning an indictment designed to cure defects in an earlier indictment, and thus to remove the basis on which a mistrial had been granted, cannot in any manner constitute the conduct on which the exception rests. Where, as here, the prosecutor's actions before the mistrial were in good faith, the return of the proper indictment of April 24, 1980 could not retroactively convert those actions into gross negligence or intentional misconduct.

Judge Scott did not specifically find or describe prejudice, but indicated that prejudice was "highly possible" because of the presence of two defendants and 14 counts, and invited a motion for mistrial if defendant felt prejudiced. Having presented no evidence, and having presented his challenge to Count I only after trial, Westoff has an advantage not available to other defendants who have been reprosecuted.

He has seen the entirety of the prosecutor's case, and the prosecution has seen nothing of his defense.

4. Our refusal to overturn Judge Scott's finding of prosecutorial good faith would alone dispose of the issue before us. Discussion of Westoff's other allegations might serve to forestall post-mistrial appeals unnecessary and foredoomed.

Accordingly, the denial of Westoff's motion to dismiss the indictment of April 24, 1980 is affirmed.

AFFIRMED.