**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Huey P. FULMER, Defendant-Appellee.**

**No. 83–4253.**

United States Court of Appeals,
Fifth Circuit.

Dec. 29, 1983.

Rehearing Denied Jan. 31, 1984.

D.H. Perkins, Jr., Claude W. Bookter, Jr., Asst. U.S. Attys., Shreveport, La., for plaintiff-appellant.

L. Edwin Greer, Shreveport, La., for defendant-appellee.

Before RUBIN and RANDALL, Circuit Judges, and MITCHELL *, District Judge.

RANDALL, Circuit Judge:

The United States appeals from the dismissal of an indictment with prejudice. For the reasons set forth below, we affirm the dismissal but direct that it be without prejudice.

*Factual and Procedural Background.*

The defendant, Huey Fulmer, was arrested on July 30, 1982, after a complaint was issued charging him with theft from interstate shipment in violation of 18 U.S.C. § 659 (1982). The complaint stated that Fulmer and others had installed natural gas processing equipment on a well site operated by the Superior Oil Company. The com-

---

* District Judge of the Eastern District of Louisi- ana, sitting by designation.

plaint stated further that Fulmer and others had used this equipment to remove unlawfully butane gas and related gas products from the well to sell to others.

On August 11, 1982, an indictment was returned against Fulmer, charging him with eight counts of violating 18 U.S.C. § 2314 (1982) (transportation of stolen goods).[1] On September 24, 1982, the grand jury returned a superseding indictment against Fulmer, again charging him with eight counts of violating section 2314, but this time he was charged with violating the first rather than the second paragraph of section 2314.[2] The superseding indictment also alleged one count of mail fraud in violation of 18 U.S.C. § 1341 (1982), and one count of conspiracy to violate section 2314, in violation of 18 U.S.C. § 371 (1982).

Fulmer then filed a motion to dismiss the original indictment with prejudice, contending that each count failed to allege that he had caused a person to travel in interstate commerce in furtherance of the alleged scheme to defraud. Fulmer also moved to dismiss the superseding indictment because (1) each of the section 2314 counts failed to allege that he had willfully committed the charged offenses; and (2) the mail fraud and conspiracy counts were vague and conclusory in violation of Federal Rule of Criminal Procedure 7.[3] After responding to these motions, the government moved to dismiss both the original indictment and the conspiracy and mail fraud counts in the superseding indictment, but without prejudice.

On November 18, 1982, the court dismissed without prejudice both the original indictment and the mail fraud and conspiracy counts of the superseding indictment. On December 16, 1982, a new grand jury returned a second superseding indictment against Fulmer. The indictment added the word "willfully" to the section 2314 counts, reinstated the conspiracy count, and charged eight counts of mail fraud.

Following each superseding indictment, Fulmer moved the court to dismiss the charges against him because of the government's alleged misconduct in investigating and prosecuting its case. Fulmer alleged that the government had (1) engaged in outrageous conduct during the investigation leading to his arrest; (2) improperly used the grand jury to bolster its case against him; and (3) added new counts to each indictment to punish him for exercising his pretrial rights.

On February 3, 1983, an evidentiary hearing was held and on February 8, 1983, the district court denied Fulmer's motions to dismiss:

> I simply cannot find that the proof in this record, that the Government's conduct in its investigation and prosecution has been so egregious that it renders the proceeding fundamentally unfair. As simply stated, my judicial conscience is not shocked. There are no relevations [sic] by the evidence, or by the contentions, that put me to the point where I would, for those reasons, dismiss the indictments against Mr. Fulmer.

> \* \* \* \* \* \*

---

1. The indictment charged Fulmer with violating the second paragraph of section 2314, which provides:

 > Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transports or causes to be transported, or induces any person to travel in, or to be transported in interstate commerce in the execution or concealment of a scheme or artifice to defraud that person of money or property having a value of $5,000 or more [shall be fined not more than $10,000 or imprisoned not more than ten years, or both].

18 U.S.C. § 2314 (1982).

2. The first paragraph of section 2314 provides:

 > Whoever transports in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud [shall be fined not more than $10,000 or imprisoned not more than ten years, or both].

 18 U.S.C. § 2314 (1982).

3. Fulmer also lodged numerous other pretrial motions with the court concerning his arrest and indictment, none of which are germane to deciding this appeal.

And there's been no substantiation of his allegations of Grand Jury abuse by the prosecutor....

I have been shown, or there's testimony to the effect, that the Government went to the Grand Jury three different times in order to clarify, or they say, to correct errors made in submitting charges to that body for its consideration.... Mr. Fulmer isn't showing me that he's been actually prejudiced. I don't consider—that he considers, I presume, that to be indicted is prejudiced.

\*　　\*　　\*　　\*　　\*　　\*

Mr. Fulmer alleges ... that the Government's prosecutors were vindictive in their dealings with the prosecution of Huey Fulmer. And he bases his allegations on the fact that there have been three successive, or an original indictment, and two successive indictments. And that in each one of them, he has been exposed to an increasing load of criminal liability. And he asserts that this increasing criminal liability has been imposed on him as punishment for exerting his constitutional rights in the filing of pre-trial motions.

\*　　\*　　\*　　\*　　\*　　\*

There's too much in this Court's mind about why some of these matters had to be redrafted. If I keep saying that they drew a sorry indictment the first time and it had errors in it, if I keep saying there were errors in the indictment and it should have been caught, it sounds like I'm picking on the United States Attorney's Office. Well, maybe I am, and maybe I ought to quit saying it. But that doesn't spell vindictiveness towards Mr. Fulmer, at least not in my mind.

There's no evidence here that because [Fulmer's attorney] filed motions, the U.S. Attorney pushed some additional chips out on the table for the purpose of punishing Mr. Fulmer.

I do find that they sought successive indictments to correct errors they made in propounding the earlier charges and

perhaps to clarify those charges. That cannot be the basis for dismissing an indictment.

Record Vol. VI at 43–52.[4]

On March 4, 1983, after the government turned over Jencks Act material, Fulmer discovered that an FBI agent had read prior grand jury testimony to the December grand jury without having been sworn as a witness. Fulmer moved to dismiss the second superseding indictment because this violated Federal Rule of Criminal Procedure 6(d), which provides:

*Who May Be Present.* Attorneys for the government, the witness under examination, interpreters when needed and, for the purpose of taking the evidence, a stenographer or operator of a recording device may be present while the grand jury is in session, but no person other than the jurors may be present while the grand jury is deliberating or voting.

On March 8, 1983, the district court dismissed the indictment because the FBI agent was not a sworn witness and thus was not authorized to be present. In deciding to dismiss the indictment with prejudice the court said:

Those of you who have been involved in this case from its beginning know that there was an original indictment against Mr. Fulmer. They know it was followed by a motion practice by [Fulmer's attorney], pointing out errors in the drafting or draftsmanship in those indictments, whereupon a second superseding—no. A superseding indictment was brought down by that same Grand Jury. Further errors were found to be lurking in that document and a subsequent Grand Jury was then addressed by [the FBI agent in charge of the investigation], in part, as to the testimony that occurred at the previous Grand Jury, concerned with Mr. Fulmer. And that second superseding indictment is the indictment on which trial was to begin today. And just simply the cumulative effect of the Governmental

---

**4.** Although the district court denied Fulmer's motions to dismiss the superseding indictments due to governmental misconduct, the government's motion to dismiss the remaining counts of the first superseding indictment was granted without prejudice.

blunders and errors in this prosecution in this matter have finally reached a level where Mr. Fulmer's rights, fundamental rights to a fair trial would be violated by further prosecution.

Therefore, the second superseding indictment in United States versus Huey Fulmer is dismissed and with prejudice.

Record Vol. VII at 5–6.

From this judgment the government appeals.

*Dismissal of the Indictment.*

The government does not challenge the district court's dismissal of the indictment.[5] Instead, it argues only that the dismissal should have been without prejudice.

The supervisory powers of the district court allow it to impose the extreme sanction of dismissal of an indictment with prejudice only in extraordinary situations. *United States v. Campagnuolo,* 592 F.2d 852, 865 (5th Cir.1979). *See also United States v. Baskes,* 433 F.Supp. 799, 804–07 (N.D.Ill.1977). For this reason, we have held that a district court may dismiss an indictment with prejudice only where it has been shown that governmental misconduct or gross negligence in prosecuting the case has actually prejudiced the defendant. *United States v. McKenzie,* 678 F.2d 629 (5th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 450, 74 L.Ed.2d 604 (1982); *United States v. Campagnuolo, supra; United States v. Acosta,* 526 F.2d 670 (5th Cir.), *cert. denied,* 426 U.S. 920, 96 S.Ct. 2625, 49 L.Ed.2d 373 (1976). *See also United States v. Westoff,* 653 F.2d 1047 (5th Cir.1981).

The district judge's oral opinion dismissing the indictment relates the government's errors and missteps in indicting the defendant. But "mere error or oversight is neither gross negligence nor intentional misconduct," *United States v. Westoff,* 653 F.2d at 1050, and we cannot conclude that the government's ineptitude in handling this case was so grossly negligent as would bar prosecution. Moreover, the district court failed to demonstrate how these "blunders" had actually prejudiced Fulmer's defense. When we posed this issue to Fulmer's counsel at oral argument, he was hard-pressed to find any prejudice Fulmer had suffered because of the government's ineptitude.

Fulmer has urged us to consider the government's alleged misconduct as militating against dismissal without prejudice. Fulmer appears to argue that these purported improprieties were a part of the "[g]overnmental blunders and errors" upon which the court based its ruling. Such a contention is not supported by the record. In his February 8, 1983 ruling, the district judge found that the government had acted in "good faith"[6] in prosecuting its case and that the allegations of misconduct were unfounded.[7] Moreover, a month later, when the court dismissed the second superseding indictment because the government had not complied with Rule 6(d), the court noted that this noncompliance had been an inadvertent error. On March 8, 1983, the court, in discussing the government's rule 6(d) violation, said:

**5.** The government conceded at oral argument that the dismissal was proper and its brief was devoted solely to the argument that the dismissal should have been without prejudice.

In dismissing the indictment, the district court relied on *United States v. Echols,* 542 F.2d 948 (5th Cir.1976), *cert. denied,* 431 U.S. 904, 97 S.Ct. 1695, 52 L.Ed.2d 387 (1977), where we said:

By limiting those persons who may be present before the grand jury, Rule 6(d) serves the dual purpose of safeguarding the secrecy and privacy of the grand jury proceedings and of protecting the grand jurors from the possibility of undue influence or intimidation from unauthorized persons. To effectuate these pur-

poses, courts generally have indicated that this Rule should be strictly construed. *See, e.g., Latham v. United States,* 226 F. 420 (5th Cir. 1915). In *Latham* this Court held that the presence of an unauthorized person results in a *per se* invalidity of the indictment. No showing of prejudice is required to quash an indictment secured with the presence of unauthorized persons in the grand jury room. *Id.* at 951.

**6.** Record Vol. VI at 37.

**7.** At oral argument, Fulmer's counsel also admitted that there had been no bad faith on the part of the government.

**1196**

What I know has happened is that in the prosecution of this matter, people have been working together closely and carefully for many months. And they get comfortable in their rolls [sic] and in their positions, one with the other, and the barrier drops slightly and an error has occurred.

Record Vol. VII at 3–4. The record shows, therefore, that the district court's dismissal rested solely upon governmental errors, rather than the defendant's alleged but unproven incidents of misconduct.

Thus, while Fulmer is entitled to a dismissal of the indictment, he is not entitled to permanent immunity respecting his alleged criminal conduct. Although we do not foreclose the possibility that governmental ineptitude and carelessness could be so abhorrent as to warrant a dismissal with prejudice, we fail to find that such a point has been reached in this case. Thus, we cannot permit the accused "to go free because the constable has blundered." *People v. Defore*, 242 N.Y. 13, 21, 150 N.E. 585, 587 (1926).

 In a final effort to persuade us that we should not disturb the district court's judgment, Fulmer complains that the government has failed to pursue diligently this appeal in accordance with 18 U.S.C. § 3731 (1982). While conceding that the government has met every deadline set forth in the Federal Rules of Appellate Procedure, Fulmer nevertheless contends "the Government has constantly waited to the last moment before moving this appeal along." Brief of Appellee at 23. This claim is without merit. The government has no duty to file papers earlier than the applicable deadlines. The district court's judgment dismissing the indictment is affirmed, except that the district court is directed to modify the judgment so that the dismissal is without prejudice.

AFFIRMED AS MODIFIED.