LOUIS YOUNG v. THE STATE.

No. 13706. Delivered February 4, 1931.

The opinion states the case.

*L. C. Counts,* of Olney, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of a still for the purpose of manufacturing intoxicating liquor; the punishment, confinement in the penitentiary for one and one-half years.

This case was reversed on a former appeal for the failure of the court to submit the law of circumstantial evidence. Young v. State, 114

Texas Crim. Rep., 135, 24 S. W. (2d) 829. The testimony adduced on the present trial was substantially the same as that found in the record on the former appeal. A statement of the evidence is necessary, in view of the fact that we have reached the conclusion that appellant's first application for a continuance should have been granted. We content ourselves with quoting the statement made by Judge Lattimore on the former appeal, as follows: "The testimony shows that two officers went to a point on the premises occupied by appellant, and, when within a short distance of where they found a still, they heard talking and chopping of wood. They went in that direction, and, according to the sheriff, when they reached the place, appellant and a negro were sitting down near a still under which a fire was burning and in which was mash, etc. The sheriff testified that appellant and the negro were doing nothing except sitting there. Appellant made some remark about having an invalid wife. The sheriff also testified that appellant informed him that he and said negro were occupied in building and repairing a fence some little distance away, and that he had heard noises and came up to see what it was, and saw a man running off from the spot where he found the still. The officer testified that appellant told him he then called the negro to come and see what he had found, and when the negro came they examined the still, and the negro was quite anxious to get some of the product, and appellant thought he would wait and see if there was any whisky made by the still, as he had an invalid wife and would take some of it to her. Appellant testified in corroboration of the statement made by him as detailed by the sheriff. He said when he reached the spot where the still was he saw a man running off, that he called the negro, and, when the negro came, they had the conversation which he had narrated to the officers, and that they sat down by the still to await developments. He further testified that they were still sitting at the same place when the officers came up and arrested him. He denied any connection with the still, and affirmed that he offered to take the sheriff with him, when discovered at the still, down to the place where he had left his axe, to show the sheriff he was in fact building a fence down there, but the officer declined to go. This fact was also testified to by the sheriff."

Bill of exception No. 1 relates to the action of the trial court in overruling appellant's first application for a continuance. Gene Campbell, the negro who was with appellant at the time the officers arrested him, was also arrested and thereafter indicted for the same offense for which appellant was placed on trial. When appellant's case was called for trial he filed his application for a severance, requesting that the negro be first tried. Upon presentation of the application, the court announced that it would be granted, but before an order was entered, the case against the negro was dismissed upon the motion of the district attorney. Appellant

immediately had a subpœna issued for the negro and placed it in the hands of the sheriff of the county for service. Although the absent witness resided in the county of the prosecution, and such fact was properly averred in the application, it appears that the sheriff of said county was unable to find the witness, his return being to the effect that the witness was out of the county. At the time the subpoena was issued, the witness was under bond to appear for trial in his own case. It is further shown in the application that the witness would testify, if present, that while he and appellant were building and repairing a fence they saw some smoke about 100 or 150 yards away; that going in the direction of the smoke they came upon a still and saw a man running away; that they sat down and had been there only a few minutes when the officers approached. Without further setting out the averments of the application, it is observed that they show that the absent witness would give testimony in corroboration of appellant's statement of the transaction. In other words, the absent testimony was material and was in consonance with appellant's testimony, and contradicted the State's case. The testimony heard on the motion for new trial was to the effect that Gene Campbell, the absent witness, was making records for the Brunswick Phonograph company, and at the time was probably in San Antonio, although appellant had been unable to locate him; that the witness' wife permanently resided in the county of the prosecution, where she and the witness had lived for several years; that the witness was expected to return to his home in a few days. It was further shown that, due to the absence of the witness, appellant was unable to secure his affidavit showing that he would testify to the facts referred to in the application for a continuance.

We deem the diligence sufficient. Under the terms of the statute, the absent witness could not have been introduced as a witness for appellant while he was under indictment, as one under indictment for the same offense cannot testify for the appellant. Article 711, C. C. P.; Ross v. State, 102 Texas Crim. Rep., 364, 277 S. W., 667. As soon as the State dismissed the case against Gene Campbell, appellant made a proper application for process, and had a subpoena placed in the hands of the sheriff of the county where the witness lived. He did everything he could reasonably be expected to do in an effort to secure the presence of the witness. Touching the materiality of the absent testimony, it was exculpatory and directly contradictory of the inculpatory facts relied upon by the State. The absent witness was alone in a position to support appellant's affirmative defense. We are impressed with the conviction, not merely that the appellant might possibly have been prejudiced in his rights by the ruling, but that it is reasonably probable, that, if the absent testimony had been before the jury a verdict more favorable to the appellant would have resulted. Texas Jurisprudence, Vol. 9, page 873;

Branch's Annotated Penal Code, Sec. 338; Rumbo v. State, 28 Tex. App., 30, 11 S. W., 680; Hull v. State (Texas Crim. App.), 47 S. W., 472; Dewberry v. State (Texas Crim. App.), 74 S. W., 307; Satterwhite v. State, 112 Texas Crim. Rep., 574, 17 S. W. (2d) 823. The opinion is expressed that the learned trial judge fell into error in overruling the application.

The indictment contained several counts. Although appellant had, on a former trial, been convicted of possessing a still for the purpose of manufacturing intoxicating liquor and acquitted of the other counts in the indictment, upon the present trial the court submitted all of the counts, advising the jury that in the event they convicted appellant to specify the count upon which they found him guilty. This was error. The court should have submitted only the count upon which appellant had theretofore been convicted. In view of the fact that the jury found appellant guilty on the same count he had theretofore been convicted under, it might be that the error is harmless. However, we do not decide the question, but suggest that if another trial be had, the counts upon which appellant has heretofore been acquitted should not be submitted in the charge of the court.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examinated by the Judges of the Court of Criminal Appeals and approved by the Court.