**Ex parte Donald E. CHISENA**

No. 68233.

Court of Criminal Appeals of Texas, En Banc.

Sept. 23, 1981.

Rehearing Denied Nov. 18, 1981.

Robert Huttash, State's Atty., Austin, for the State.

OPINION

McCORMICK, Judge.

This is an application for habeas corpus pursuant to Article 11.07, V.A.C.C.P.

Petitioner was convicted in cause number 28,273 in the 27th District Court of Bell County following his plea of guilty to the offense of arson. Punishment was assessed by the court at 5 years in the Department of Corrections. In assessing punishment, the court took into consideration the following unadjudicated offenses:

Cause No. 28,269, Burglary of a Building;
Cause No. 28,270, Burglary of a Building;
Cause No. 28,271, Burglary of a Motor Vehicle;
Cause No. 28,272, Theft;
Cause No. 28,274, Burglary of a Habitation; and
Cause No. 28,275, Criminal Mischief.

■ Thereafter, the court entered orders barring prosecution in each of these unadjudicated offenses. See V.T.C.A. Penal Code, Section 12.45. Petitioner now correctly asserts that the indictment in cause number 28,273 under which he was convicted, fails to allege an offense. The indictment alleged that petitioner, on September 17, 1979,

" . . . did then and there start a fire in a building located in Lampasas County, Texas owned by Thomas Hicks without the effective consent of the said Thomas Hicks and with the intent to damage and destroy said building."

Effective September 1, 1979, V.T.C.A. Penal Code, Section 28.02, was amended to define arson as:

"(a) A person commits an offense if he starts a fire or causes an explosion with intent to destroy or damage any building, habitation, or vehicle:

"(1) knowing that it is within the limits of an incorporated city or town;

"(2) knowing that it is insured against damage or destruction;

"(3) knowing that it is subject to a mortgage or other security interest;

"(4) knowing that it is located on property belonging to another;

"(5) knowing that it has located within it property belonging to another; or

"(6) when he is reckless about whether the burning or explosion will endanger the life of some individual or the safety of the property of another."

Since the conduct set forth in the indictment allegedly occurred after the amendment to Section 28.02 became effective, it fails to allege an essential element as provided by subsections (a)(1) through (a)(6). The indictment, failing to state an offense is void, and the conviction thereunder cannot stand. *Ex parte Cannon*, 546 S.W.2d 266 (Tex.Cr.App.1976).

■ We are next confronted with the question of whether the prosecution of the offenses considered by the court in assessing punishment in cause number 28,273, is barred. V.T.C.A. Penal Code, Section 12.45, provides:

"(a) An individual may, with the consent of the attorney for the state, admit during the sentencing hearing his guilt of one or more unadjudicated offenses and request the court to take each into account in determining sentence for the offense or offenses of which he stands adjudged guilty.

"(b) Before a court may take into account an admitted offense over which exclusive venue lies in another county or district, the court must obtain permission from the prosecuting attorney with jurisdiction over the offense.

"(c) If a court lawfully takes into account an admitted offense, prosecution is barred for that offense."

This provision authorizes the court to consider unadjudicated offenses, and bars prosecution if the court "lawfully takes into account" such admitted offenses. The indictment in cause number 28,273 being void, the court was without authority to assess punishment, and therefore could not "lawfully take into account" the unadjudicated offenses, and the orders barring prosecution are likewise void. However the constitu-

tional limitations of *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974) should be considered as well as *Lyles v. State*, 582 S.W.2d 138 (Tex.Cr.App.1979) in dealing with these cases.

The orders barring prosecution in the above enumerated cases are set aside. The relief prayed for in cause number 28,273 is granted.

IT IS SO ORDERED.

Rehearing Denied Nov. 18, 1981.

Robert Huttash, State's Atty., Austin, for the State.