**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jose Guadalupe SINGLETERRY and
Juan Antonio Singleterry,
Defendants-Appellants.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Juan Antonio SINGLETERRY,
Defendant-Appellant.**

Nos. 81–2351, 81–2364.

United States Court of Appeals,
Fifth Circuit.

Aug. 16, 1982.

Certiorari Denied Nov. 15, 1982.
See 103 S.Ct. 387.

Richard W. Rogers, III, Corpus Christi, Tex. (court-appointed), for Jose G. Singlet-.erry.

Roland E. Dahlin, II, Federal Public Defender, Karen K. Brown, Houston, Tex., Gustavo Acevedo, Laredo, Tex., Asst. Federal Public Defenders, for Juan A. Singleterry.

James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before BROWN, RUBIN and REAVLEY, Circuit Judges.

REAVLEY, Circuit Judge:

In a prior appeal, we reversed the convictions of brothers Juan and Jose Singleterry because the prosecutor improperly and repeatedly alluded to Juan's prior conviction while cross-examining Jose. *United States v. Singleterry* ("Singleterry I"), 646 F.2d 1014 (5th Cir. 1981). On remand, Juan and Jose filed a plea in bar, arguing that a new trial was barred by the constitutional prohibition against double jeopardy. The district court overruled their plea, and the brothers filed this pretrial appeal pursuant to 28 U.S.C. § 1291. *See Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). We affirm and remand for trial.

The Supreme Court has recently written to clear up the confusion concerning the circumstances under which prosecutorial misconduct resulting in a mistrial will bar a second trial. In *Oregon v. Kennedy*, —— U.S. ——, 102 S.Ct. 2083, 2089, 72 L.Ed.2d 416 (1982), the Court has held that "[o]nly where the governmental conduct in question is intended to 'goad' the defendant into moving for a mistrial may a defendant raise the bar of Double Jeopardy to a second trial . . . ." [1] The "existence or nonexistence of intent" to provoke a mistrial may be inferred "from objective facts and circumstances." *Id.*

I.

The government argues that *Kennedy*'s "narrow exception" [2] to the general rule that prosecutorial misconduct warranting a mistrial does not bar a retrial can have no application when the district court denies the motion for a mistrial. An appellate reversal for prosecutorial misconduct, the government contends, can never bar a re-

---

1. To the extent that language in our prior opinions interprets the Supreme Court's pre-*Kennedy* decisions to establish a more expansive double jeopardy bar—*i.e.*, that reprosecution is barred by any "grossly negligent" or intentional misconduct that "seriously prejudices" the defendant, *see, e.g., United States v. Kessler*, 530 F.2d 1246, 1256 (5th Cir. 1976); *United States v. Kennedy*, 548 F.2d 608, 609 n.1 (5th Cir.), *cert. denied*, 434 U.S. 865, 98 S.Ct. 199, 54 L.Ed.2d 140 (1977); *United States v. Crouch*, 566 F.2d 1311, 1316–17 (5th Cir. 1978); *United States v. Bobo*, 586 F.2d 355, 365 n.11 (5th Cir. 1978), *cert. denied*, 440 U.S. 976, 99 S.Ct. 1546, 59 L.Ed.2d 795 (1979); *United States v. Davis*, 589 F.2d 904, 906 (5th Cir.), *cert. denied*, 441 U.S. 950, 99 S.Ct. 2178, 60 L.Ed.2d 1055 (1979); *United States v. Garza*, 603 F.2d 578, 580 (5th Cir. 1979); *United States v. Gaultney*, 606 F.2d 540, 547 (1979), *modified on other grounds*, 615 F.2d 642 (5th Cir. 1980), *rev'd on other grounds, sub nom. Steagald v. United States*, 451 U.S. 204, 101 S.Ct. 1642, 69 L.Ed.2d 38 (1981); *United States v. Luttrell*, 609 F.2d 1190, 1191 (5th Cir. 1980); *United States v. Opager*, 616 F.2d 231, 234 (5th Cir. 1980); *United States v. Wright*, 622 F.2d 792, 795 (5th Cir.), *cert. denied*, 449 U.S. 961, 101 S.Ct. 376, 66 L.Ed.2d 229 (1980); *United States v. Charette*, 625 F.2d 57, 58 (5th Cir. 1980); *Baker v. Metcalfe*, 633 F.2d 1198, 1201 (5th Cir.), *cert. denied*, 451 U.S. 974, 101 S.Ct. 2055, 68 L.Ed.2d 354 (1981); *United States v. Westoff*, 653 F.2d 1047, 1049–50 (5th Cir. 1981); *United States v. Passmore*, 671 F.2d 915, 916–17 & n.2 (5th Cir. 1982) (applying *Kessler* standard but noting that its correctness raised a "serious question[ ]"); *United States v. Garza*, 674 F.2d 396, 399 (5th Cir. 1982)—that language is no longer the law. Under *Kennedy*, "gross negligence" is clearly not enough to bar retrial. 102 S.Ct. at 2089. Nor is it enough that the prosecutor intends to "seriously prejudice" the defendant's chances of an acquittal. *Id.*

2. 102 S.Ct. at 2088.

trial, even if the prosecutor intended to provoke a mistrial.

At first blush, the government's argument seems incongruous. When a defendant moves for a mistrial because of a prosecutor's misconduct, as Juan Singleterry did, *see* 646 F.2d at 1016, an appellate reversal based on that same misconduct seems equivalent to a determination that the district court erred in ruling on the mistrial motion. It seems anomalous to say that identical prosecutorial misconduct will create a constitutional bar to retrial when the district court correctly grants a mistrial, but not when the district court erroneously denies the mistrial request.[3]

On the other hand, under *Kennedy* the double jeopardy clause is concerned only with prosecutorial misconduct that is intended to provoke a mistrial. When a mistrial is not declared, then the prosecutor's efforts have been unsuccessful. The dangers that the *Kennedy* exception was intended to prevent—that the defendant might lose his "valued right to complete his trial before the first jury," *Kennedy*, 102 S.Ct. at 2088, and that the prosecutor might be seeking a more favorable opportunity to convict, *see id.* at 2090 n.8, 2091; *United States v. Dinitz*, 424 U.S. 600, 611, 96 S.Ct. 1075, 1081, 47 L.Ed.2d 267 (1976)—are more attenuated when the defendant is convicted by the first jury but an appellate court reverses for prosecutorial misconduct. In such a case, the defendant has not lost his chance for an acquittal by the first jury, and it seems unlikely that any prosecutor would intentionally lay a basis for appellate reversal in order "to subvert the protections afforded by the Double Jeopardy Clause." *Kennedy*, 102 S.Ct. at 2089.

Moreover, the government's position finds some support in the case law. In explaining its adoption of a narrow double jeopardy bar in *Kennedy*, the Supreme Court argued that a broader bar might de-

ter trial judges from granting mistrials in order to avoid potential double jeopardy problems. "If a mistrial were in fact warranted," the Court wrote, "the defendant could in many instances successfully appeal a judgment of conviction on the same grounds that he urged a mistrial, and the Double Jeopardy Clause would present no bar to retrial." *Kennedy*, 102 S.Ct. at 2090. Thus, the Court seemed to assume that reversal of a conviction for prosecutorial misconduct simply creates no double jeopardy bar. *Cf. id.* at 2095 n.22 (Stevens, J., concurring in the judgment) (recognizing that the Court made this assumption, but terming the assumption "irrational"). *See also Burks v. United States*, 437 U.S. 1, 15, 98 S.Ct. 2141, 2149, 57 L.Ed.2d 1 (1978) (dictum), *discussed in United States v. Opager*, 616 F.2d 231, 235–36 (5th Cir. 1980).

Extension of *Kennedy*'s "narrow exception" to appellate reversals might affect appellate court review of convictions challenged on multiple grounds. Ordinarily, if an appellate court reverses a conviction based on one trial error, it need not address the defendant's other grounds of appeal. If one of the grounds of appeal is prosecutorial misconduct, however, the appellate court might be required to address the issue because of the possibility that the defendant will set up the misconduct as a bar to retrial.

We once again leave the question, *see United States v. Passmore*, 671 F.2d 915, 917 & n.2 (5th Cir. 1982); *Opager*, 616 F.2d at 236, because we conclude that this case does not fit within the narrow exception to the rule that prosecutorial misconduct creates no bar to a second trial.

## II.

■ The district court found that the prosecutor did not intend to provoke a mis-

---

**3.** The one federal court that has squarely addressed the government's argument has rejected it. *United States v. Rios*, 637 F.2d 728, 729 (10th Cir. 1980), *cert. denied*, 452 U.S. 918, 101 S.Ct. 3054, 69 L.Ed.2d 422 (1981). *See also United States v. Roberts*, 640 F.2d 225, 227-28 (9th Cir.) (assuming, without discussion, that double jeopardy bar may apply when prosecutorial misconduct has caused a reversal but not a mistrial), *cert. denied*, 452 U.S. 942, 101 S.Ct. 3088, 69 L.Ed.2d 957 (1981).

trial.[4] This finding must be upheld unless clearly erroneous. *E.g., United States v. Passmore*, 671 F.2d at 917 (collecting cases).

Looking at the "objective facts and circumstances,"[5] *Kennedy*, 102 S.Ct. at 2089, we must agree with the district court's conclusion that this is not one of those rare cases where the prosecutor intended to provoke a mistrial. The evidence against the defendants—which took only a few hours to present—was strong and simple. *See Singleterry I*, 646 F.2d at 1015–16. The brothers' only defense was that the seized marijuana did not come from their truck, but they established no plausible basis for challenging the border patrol officers' testimony. The record makes it clear that the prosecutor did not need a "more favorable opportunity to convict."

However groundless the prosecutor's belief that guilt by association evidence was proper impeachment of Jose's character, *see Singleterry I*, 646 F.2d at 1018, the trial court permitted the prosecutor to pursue this line of impeachment provided he did not mention Juan's name, *see id.* at 1016–17. Jose himself did not object to the questioning. *See id.* at 1017. Had the prosecutor actually intended to provoke a mistrial, he could have violated the court's limitation by expressly identifying Juan as the convicted felon with whom Jose associated. But he did not do so. Nor did he engage in any other misconduct that would provide a legitimate basis for a mistrial.

The district court did not err in finding that the prosecutor did not intend to provoke a mistrial. The prosecutor was merely attempting—however improperly—to ensure the conviction of the defendants in their first trial. Under *Kennedy*, such an attempt does not violate the double jeopardy clause. *See* 102 S.Ct. at 2089.

AFFIRMED and REMANDED.

4. While the court made no finding expressly on this point, the finding is implicit in the district court's finding that the prosecutor's conduct was not "egregious enough" to satisfy our more expansive, pre-*Kennedy* standard of "prosecutorial overreaching," *see* note 1 *supra*.

5. At the hearing on the plea in bar, all parties rested upon the trial record. Our decision has been delayed by the appellants' failure to make the trial record part of the record on appeal. We have ourselves ordered and obtained the trial record, and have examined it thoroughly.