77,550-04

COURT OF CRIMINAL APPEALS OF TEXAS
AUSTIN, TEXAS

EX PARTE                              §     WR-77,550-04

JOHNSON, DAVID JOHN                   §

## "FACTS OF POST CONVICTIONS ON COURT ERRORS"

On the 7th day of January, 2015 the 20th Judicial Court of Milam County,Texas stated that the court having found NO facts on the issue in-so denying relief in trial cause # CR-23,643-B.

In this Habeas claim of Ineffective Counsel the court errored in the true facts that any or all court appointed attorneys want a QUICK AND EASY DOLLAR ? In the action of a plea bargain the attorney uses the MUMBOJUMBO of his comming and going to say he is working the best deal he can get? I find the Failure to prepare a defense or investigate the implicating evidence of Donald Curtis Page.Evidence of the plea agreement under coercion is in fact found in the enhancement from the felony 3ed to a felony 2ed.Fact of this plea instead of Trial by jury was the threat from the DA.and counselar to be sentence to 99 years if this is not coercion of law there is no justice!!

My counsel signed a affidavit stating that i was fully informed of rights. See page 2 par.#5 he does not state the 99 year he just states greater than seven and stack if I did not accept this PLEA.The court failure to see the evidence before it in the Habeas Writ.

In plain language, in this trial courts errors of this cause CR-23,643-B, Existing evidence shows actual innocence.See Maples Vs. Thomas 132 S.Ct. 912 (2012). The second Cause CR-23,644_A,In accordance with Texas Penal Code §12.45(c) once the case was dismissed I am Barred from any and allpunishment. case Perea Vs. State 870 S.W. 2d 314.Post Conviction relief granted at 682 F. Supp. 2d 771.

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 2 8 2015

Abel Acosta, Clerk

DAVID J. JOHNSON
TDCH #1848656
Hodge Unit J-120
379 FM 2972 West
Rusk, Texas 75785
1/23/2015

COURT OF CRIMINAL APPEALS OF TEXAS
AUSTIN, TEXAS

EX PARTE                                §        WR-77,550-05
JOHNSON,DAVID JOHN                       §

"FACTS OF POST CONVICTIONS ON COURT ERRORS"

On the 7th day of January,2015 the 20th Judicial Court of Milam County,Tx. stated that the court found no facts on the issues inso denying releif of trial cause #CR-23,644-A.

Facts on this cause are presented in the Habeas Writ 11.07 before this court. Base on the **MERITS** of the facts of evidence this case has been dismissed Texas Penal code §12.45(c).If a court lawfully ⌐ takes into account anadmitted offense,Prosecution is **BARRED** for that offense,See Perea Vs. State 870 S.W. 2d 314. To include restitution is shown as punishment see sentencing and punishment key 98. Case Contreras Vs. State 128 S.Ct.2924,553 U.S. 1101, 171 L.Ed. 2d 856, Post conviction granted at 682 F.Supp. 2d 771. Also claim of see Double Jeopardy 29.1.

Criminal law key 1186.3 Court "Lawfully takes into account" such unadjudicated offenses where void indictment for offense for which defendent was sentenced was void; Court was without authority to assess punishment and thus could not lawfully punish defendent for this case that was dismissed. Ex Parte Chisena 623 S.W. 2d 354.

The State failure to correct this error is of evidence that is ma **Material** Hill Vs. Johnson 210 F.3d 481.

DAVID J. JOHNSON
TDCJ #1848656
Hodge Unit J-120
379 FM 2972 West
Rusk, Tx. 75785
1/23/2015