# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 27, 2015

Lyle W. Cayce
Clerk

No. 14-20360
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN GUTIERREZ; JUAN GUTIERREZ ALVAREZ,

Defendants-Appellants

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-261-3
USDC No. 4:12-CR-261-4

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:*

A second superseding indictment charged Juan Gutierrez (Gutierrez) and Juan Gutierrez Alvarez (Alvarez) with possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and conspiracy to do the same. On the third day of trial, after the prosecutor cross-examined Alvarez, the district court granted

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20360

defendants' request for a mistrial.  In granting the mistrial, the district court cited instances where it believed the prosecutor tried to circumvent the court's order that the prosecutor not delve into matters of immigration status.  Thereafter, Gutierrez and Alvarez filed a joint motion to dismiss, arguing that the prosecutor had provoked a mistrial in violation of the Double Jeopardy Clause.  The district court denied the motion to dismiss, finding that the prosecutor did not intend to provoke a mistrial.

This court reviews the denial of a motion to dismiss on double jeopardy grounds de novo, and accepts as true the district court's underlying factual findings unless clearly erroneous.  *United States v. Dugue*, 690 F.3d 636, 637-38 (5th Cir. 2012).  A defendant generally waives double jeopardy protection by consenting to a mistrial.  *United States v. Botello*, 991 F.2d 189, 192 (5th Cir. 1993).  Nevertheless, the Supreme Court has recognized a narrow exception to this general rule; a defendant who was goaded into seeking a mistrial may invoke double jeopardy protections to avoid a retrial.  *See Oregon v. Kennedy*, 456 U.S. 667, 676 (1982).  Although the prosecutor in this case acted improperly, prosecutorial misconduct alone—even harassment or overreaching—is not enough for a retrial to result in a double jeopardy violation.  *Id.* at 675-76.  Gross negligence by the prosecutor, or even intentional conduct that seriously prejudices the defendant, is insufficient by itself to apply the double jeopardy bar.  *United States v. Wharton*, 320 F.3d 526, 531-32 (5th Cir. 2003).  Instead, there must be intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause.  *Kennedy*, 456 U.S. at 676.  Under this narrow standard, the court must examine the "objective facts and circumstances" to determine the prosecutor's intent.  *Kennedy*, 456 U.S. at 675.

No. 14-20360

Considering the facts and circumstances of the instant case, the district court's finding that the prosecutor did not intend to provoke a mistrial in violation of the Double Jeopardy Clause was not clearly erroneous.  In the face of the district court's factual finding that the prosecutor's improper actions were not intended to cause a mistrial, Gutierrez and Alvarez are unable to cite to any concrete evidence, beyond mere speculation, of the prosecutor's "clear intent" to provoke a mistrial.  *See Dugue*, 690 F.3d at 638.  Moreover, the prosecutor in this case vigorously opposed a mistrial when the defendants requested it, which militates against a finding that the prosecutor intended to cause a mistrial.  *See Wharton*, 320 F.3d at 532.  Finally, the manner in which the prosecutor tried to elicit information about Alvarez's immigration status suggests the he did not intend to provoke a mistrial.  "Had the prosecutor actually intended to provoke a mistrial, he could have violated the court's limitation by expressly [asking Alvarez about his immigration status].  But he did not do so." *See United States v. Singleterry*, 683 F.2d 122, 125 (5th Cir. 1982).

In view of the foregoing, the district court's judgment is AFFIRMED.

3