**Mildred KEARNEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 62073.**

Court of Criminal Appeals of Texas, Panel No. 1.

March 24, 1982.

Rehearing Denied April 28, 1982.

E. Brice Cunningham, Dallas, for appellant.

---

Henry Wade, Dist. Atty. and Maridell Templeton, Mike Patterson & Rider Scott, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for murder. Punishment was assessed at confinement for thirty-five years.

Although several grounds of error are raised on appeal we find it necessary to discuss only the arguments pertaining to improper jury argument and sufficiency of the evidence.

■ In appellant's sixth ground of error, it is argued that the prosecutor committed reversible error in several instances by arguing outside those permissible areas of jury argument outlined in *Alejandro v. State*, 493 S.W.2d 230 (Tex.Cr.App.), wherein the following rules were enunciated:

"To receive the stamp of approval of this court, jury arguments need to be within the areas of: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. [citations omitted from text.] The arguments that go beyond these areas too often place before the jury unsworn, and most times believable, testimony of the attorney."

See also *Clanton v. State*, 528 S.W.2d 250 (Tex.Cr.App.); *Marshburn v. State*, 522 S.W.2d 900 (Tex.Cr.App.).

The following portions of the prosecutor's argument do not fall within any category of proper argument:

"[Prosecutor]: Do you think just maybe she [appellant] might be inflating those claims a little bit for a little bit more green stuff in the hands?

"[Defense attorney]: Your Honor, we object to the statement. There is no evidence in the record that she was inflating her claim.

"THE COURT: Overruled.

"[Prosecutor]: Folks, you have seen her right here in this courtroom. You have seen the old insurance game played, haven't you, the insurance shell game."

Objections were made and overruled. The State's attorney went further by making these comments during the punishment phase:

"[Prosecutor]: She [appellant] was trying to perpetrate, she tried to perpetrate a fraud on you like a fraud had been perpetrated on the insurance company.

\* \* \* \* \* \*

"I am not going to talk about probation because that is just a joke. You know, it's your decision. The sentence you give, it's up to you. You can consider all of the facts *and one thing I might want to point out, you recall Travis Howard's testimony. He was sentenced to 16 years in the Texas Department of Corrections and he told you that he served six years.*"

The argument concerning insurance fraud is not a reasonable deduction from the evidence, and the comment on Howard's testimony is clearly an invitation to consider the parole law during punishment deliberations. In *Clanton v. State*, supra, we noted:

"It is a matter of common knowledge that inmates are released from the Texas Department of Corrections, but a jury in a felony case is not authorized to consider or apply the parole law in assessing punishment. Argument urging them to do so is very improper, and constitutes error. *Jones v. State*, Tex.Cr.App., 522 S.W.2d 225; *Hartman v. State*, Tex.Cr.App., 496 S.W.2d 582; *Graham v. State*, Tex.Cr. App., 422 S.W.2d 922."

These arguments constitute reversible error, and in light of *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15, we find it necessary to deter-

mine whether the evidence is sufficient to sustain the conviction. We find ample evidence of guilt and accordingly, the State is not prohibited by the double jeopardy clause from again prosecuting appellant for the same offense.

The record establishes that appellant and the victim had been arguing and hitting each other prior to the commission of the offense. Barry Williams testified that he witnessed the altercation and finally heard appellant tell the victim that she would give him a ride home. He refused the offer, stating that they were "through." Appellant got into the car, started the engine and began driving down the street at a fast speed to the position where victim was standing. Williams heard the wheels screech and watched as she turned the car to hit the victim. She struck him as he stood about ten feet from the wall of a motel. The impact took his body to the wall, the car's engine was still accelerating and the tires spinning. The front of the auto struck the victim in the stomach and chest as the car repeatedly rocked over a curb and against the wall. Williams stated that when she stopped accelerating, the car rolled over the curb, she got out and looked over the hood and saw him lying on the ground. She got back into her car and left the scene.

The evidence is sufficient to sustain the conviction but the judgment is reversed because of improper jury argument.