James E. WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–83–00104–CR.

Court of Appeals of Texas, San Antonio.

March 28, 1984.

Royal Griffin, Guerra, Griffin & Mazuca, San Antonio, for appellant.

Sam Milsap, Jr., Elizabeth H. Taylor, Bruce Baxter, Edward F. Shaughnessy, III, San Antonio, for appellee.

Before CADENA, C.J., and ESQUIVEL and TIJERINA, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a judgment of conviction for the offense of murder.

A jury found appellant guilty and assessed his punishment at 25 years' confinement in the Texas Department of Corrections.

In his two grounds of error, appellant complains of prosecutorial misconduct based on improper jury argument by the prosecutor during the guilt-innocence phase of the trial. We affirm.

Appellant contends that the trial court erred in overruling his objection to the following jury argument by the prosecutor: "See, when people cross this liar, they are not just mistaken, they are lying. There is no room in between, and he never cleaned up his act on the stand by that until Mr. Griffin led him around by the nose." In support of his contention, appellant argues that the prosecutor's assertion that his attorney "led him around by the nose" distorted the record and was an attempt to create prejudice in the minds of the jury, thereby striking at him over the shoulders of his attorney.[1]

The State contends that the argument was permissible since the prosecutor was merely arguing that the defense of accident had been claimed for the first time during the direct examination of appellant by his attorney. Further, the State contends that this type of argument was not a personal attack on appellant's counsel.

■ It is well settled that jury arguments must be confined to (1) a summation of the evidence adduced during trial; (2) reasonable deductions from the evidence; (3) answers to arguments of opposing counsel; or (4) pleas for law enforcement. *Kearney v. State*, 630 S.W.2d 934, 935 (Tex.Cr.App.1982); *Darden v. State*, 629 S.W.2d 46, 52 (Tex.Cr.App.1982); *Hightower v. State*, 629 S.W.2d 920, 926 (Tex.Cr. App.1981). For any error arising from im-

proper jury argument to be found reversible, it must be shown, in light of the record as a whole, that the language complained of was manifestly improper, harmful, and prejudicial. *Burke v. State*, 652 S.W.2d 788, 790 (Tex.Cr.App.1983); *Simpkins v. State*, 590 S.W.2d 129, 136 (Tex.Cr.App. 1979); *Kerns v. State*, 550 S.W.2d 91, 96 (Tex.Cr.App.197–); *Johnson v. State*, 649 S.W.2d 111, 115 (Tex.App.—San Antonio 1983, pet. granted).

■ We conclude that the complained of argument is not confined to the criteria set out in *Kearney, supra*, and is, therefore, improper jury argument. From the record as a whole, however, we cannot conclude that the improper argument was manifestly improper, harmful, and prejudicial so as to require reversal.

From the record it is undisputed that the appellant entered the deceased's place of business, in the company of others, with a gun, and during the commission of the robbery shot the deceased. Appellant judicially confessed that he entered the deceased's place of business with the intent to rob him and during the course of the robbery shot the deceased. It was during his direct examination that for the first time the appellant admitted the robbery and claimed the shooting of the deceased was an accident. Appellant further retracted his previous written confession to the police wherein he had claimed that he took no part in the robbery and that another was responsible for shooting the deceased. Despite the prosecutor's poor choice of words to describe counsel for appellant's efforts to obtain continuity and meaningfulness to appellant's testimony and to present to the jury his defense of accident, we cannot attach any inference of impropriety or dishonesty on the part of the attorney for appellant from the improper statement of the prosecutor. Appellant's ground of error one is overruled.

■ In his second ground of error, appellant alleges that the trial court committed reversible error in overruling his motion

---

1. Appellant makes no argument or complaint of     the prosecutor's use of the phrase "this liar."

for a mistrial after it sustained his objection to, and instructed the jury to disregard, the following argument: "If you believe all of this man's story, walk him out the door. First thing that he told you, until Mr. Griffin helped him out, is that it was an accidental shooting." The record reflects that the court sustained the appellant's objection to the argument and instructed the jury to disregard it. We hold that this course of action by the trial court removed any harm that may have been created on the part of the prosecution. *Rudd v. State,* 616 S.W.2d 623, 624 (Tex.Cr.App. 1981); *Thomas v. State,* 578 S.W.2d 691, 695 (Tex.Cr.App.1979). Appellant's second ground of error is overruled.

Accordingly, the judgment of the trial court is affirmed.