Ex parte Larry Desmond KELLY.

No. 07–85–0086–CR.

Court of Appeals of Texas,
Amarillo.

July 11, 1986.

Rehearing Denied Aug. 18, 1986.

Tom Upchurch, Jr. and Associates, Tom Upchurch, Jr., Amarillo, for appellant.

Bill Baumann, Co. Atty., Chris Kloeris, Asst. Co. Atty., Amarillo, for appellee.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

REYNOLDS, Chief Justice.

Appellant Larry Desmond Kelly brings this appeal from a judgment denying his application for writ of habeas corpus to bar his retrial for the offense of delivery of a controlled substance. A retrial is barred, he contends, by the State and Federal constitutional prohibition against double jeopardy, because prosecutorial misconduct, discovered after his previous conviction for the same offense was reversed on another ground, deprived him of due process of law at his first trial. For the reasons to be stated, appellant's five grounds of error directed to his double jeopardy contention will be overruled, and the judgment will be affirmed.

Appellant was indicted for, and convicted by a jury of, the 28 April 1982 delivery of a controlled substance, *viz.*, "methamphetamine of an aggregate weight of at least 400 grams or more," an offense denounced by the Controlled Substances Act both before and after its amendment in 1981. Tex. Rev.Civ.Stat.Ann. art. 4476–15 § 2.01 (Vernon 1976), & §§ 4.02(b)(6), 4.03(a) (Vernon Supp.1986). The jury, instructed on the range of punishment provided in the 1981 amendment to the Act, assessed appellant's punishment at confinement for 75 years and a fine of $250,000, a punishment authorized only by the Act's 1981 amendment. *Compare* Tex.Rev.Civ.Stat.Ann. art. 4476–15, §§ 4.03(c), 4.03(d)(3) (Vernon Supp.1986) *with* Tex.Rev.Civ.Stat.Ann. art. 4476–15,

§§ 4.01(b)(1), 4.03(b)(1) (Vernon 1976). Appellant appealed.

Subsequent to appellant's conviction and prior to the submission of his appeal, the 1981 amendment to the Act was declared unconstitutional, but the Controlled Substances Act, as it existed before the 1981 amendment, remained in full force and effect. *Ex parte Crisp*, 661 S.W.2d 944 (Tex. Cr.App.1983). Then, as explained in an unpublished opinion, this Court reversed the judgment of conviction because appellant was assessed punishment under an unconstitutional statute greater than that authorized by the valid Act, and remanded the cause since the indictment charged appellant with an offense under the Act before the 1981 amendment. *Kelly v. State*, No. 07–83–0245–CR (Tex.App.—Amarillo, Jan. 31, 1984, no pet'n).

After remand, the State secured another indictment tailored to charge appellant with the same methamphetamine delivery offense under the existing Act. Thereafter, appellant sought the writ of habeas corpus, asserting that through prosecutorial misconduct, the State had concealed evidence favorable to the defense in violation of the court's pretrial *Brady* order for the State to disclose such evidence. *See Brady v. Maryland*, 373 U.S. 83, 87–88, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215 (1963).

At the hearing on appellant's writ application, it was developed that one Ray Harmon, who testified as the State's chief witness at appellant's trial that appellant gave him a quantity of methamphetamine for delivery to an undercover police officer, had, enroute to the delivery, added to that quantity about two ounces of methamphetamine and four to six ounces of "fill," *viz.*, epsom salts. In a pretrial conference, Harmon revealed the additions to the State's trial attorneys, assistant district attorneys Arnold Miller and W.F. Roberts.

A quick calculation assured the prosecutors that, accepting the greatest amount of fill Harmon said he added, the quantity of methamphetamine delivered by appellant was more than the 400 grams he was charged with delivering. The calculation, coupled with reasoning that since appellant was culpable as a party with Harmon to the offense, Harmon's revelation was not exculpatory information required by the court's *Brady* order to be shared with appellant's counsel, and, if shared, could raise collateral issues that might confuse the jury with the potential for reversible error in meeting it with testimony involving appellant in extraneous offenses, convinced the prosecutors to withhold Harmon's revelation.

Thereupon, prosecutor Miller instructed Harmon to not volunteer the addition of the fill in his trial testimony, but to testify truthfully if defense counsel inquired about it. Although Harmon testified at trial that he had picked up and added some methamphetamine to the quantity appellant had given him, he was not asked, and he did not volunteer, that he also had added the fill.

Defense counsel acknowledged that when Harmon's direct examination exposed his addition of one ounce of methamphetamine to that he had received from appellant, the information was of such minimal value that neither cross-examination about it nor a motion for mistrial for the State's failure to comply with the *Brady* order was warranted. Nevertheless, counsel testified, had the addition of the fill been made known, the defensive approach to the case probably would have been drastically changed, and the lack of knowledge of the impeaching material hindered the defense and denied it the opportunity to move for a mistrial.

Following the hearing, the court denied appellant's application for writ of habeas corpus, and filed findings of fact and conclusions of law. Included among the factual findings are these: the State's attorneys did not intend to provoke appellant into moving for a mistrial, and they were not motivated by a conscious desire to harm appellant, but rather to secure a conviction. The court concluded that the information withheld by the State was not *Brady* material, and that because appellant and Harmon were tried as parties, the quantity of methamphetamine delivered by appellant to

Harmon did not affect the offense for which appellant was convicted.

Appellant's five grounds of error, two of which are challenges to the court's legal conclusions, present his central contention that the withholding of the information of the fill, which was discovered after remand, was prosecutorial misconduct which constitutes a double jeopardy bar to his retrial for the same offense. In this posture, we will not address the grounds seriatim; instead, to reach and answer the central contention, which appellant represents has not been determined in Texas under this fact situation, we will assume, contrary to the trial court's conclusion, that the information withheld from appellant was *Brady* material and, consequently, that the withholding constituted prosecutorial misconduct.

Generally and consistently, it is held that the prohibition against double jeopardy imposes no limitation on the retrial of a defendant who has succeeded in persuading a court to set aside his conviction, unless the conviction was reversed because of the insufficiency of the evidence. *See, e.g., United States v. DiFrancesco,* 449 U.S. 117, 130–31, 101 S.Ct. 426, 433–34, 66 L.Ed.2d 328 (1980); *Kearney v. State,* 630 S.W.2d 934, 935–36 (Tex.Cr.App.1982). However, there is a narrow exception to the principle which, because of the varying statements of it, has resulted in holdings that prosecutorial misconduct which seriously prejudices the defendant operates as a double jeopardy bar to retrial. *See, e.g., United States v. Singleterry,* 683 F.2d 122, 123 n. 1 (5th Cir.), *cert. denied,* 459 U.S. 1021, 103 S.Ct. 387, 74 L.Ed.2d 518 (1982).

Then, in *Oregon v. Kennedy,* 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982), the United States Supreme Court, acknowledging the confusion occasioned by the varying statements of the exception under which prosecutorial misconduct resulting in a mistrial will bar a retrial, opted to focus on the intent of the prosecutor in applying the exception to the principle that prosecutorial misconduct creates no bar to a second trial. 456 U.S. at 674–79, 102 S.Ct. at 2088–91. Enroute to its holding that the bar of double jeopardy is limited to those cases in which the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial, 456 U.S. at 679, 102 S.Ct. at 2091, the Court said:

> Prosecutorial conduct that might be viewed as harassment or overreaching, even if sufficient to justify a mistrial on defendant's motion, therefore, does not bar retrial absent intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause....

456 U.S. at 675–76, 102 S.Ct. at 2089. In adopting this position, the Court explained that

> a standard that examines the intent of the prosecutor, though certainly not entirely free from practical difficulties, is a manageable standard to apply. It merely calls for the court to make a finding of fact. Inferring the existence or nonexistence of intent from objective facts and circumstances is a familiar process in our criminal justice system....

456 U.S. at 675, 102 S.Ct. at 2089.

Granted, it has been questioned whether the scope of the *Kennedy* intent-rule embraces prosecutorial misconduct first acknowledged on appeal, *see, e.g., Robinson v. Wade,* 686 F.2d 298, 306–09 (5th Cir. 1982), or raised after remand. *See, e.g., Collins v. State,* 672 S.W.2d 588, 596–98 (Tex.App.—Fort Worth 1984, no pet'n). Still, almost a year before the intent-rule was adopted as the exception standard in *Kennedy,* our Court of Criminal Appeals accepted its application to prosecutorial misconduct in failing to disclose favorable evidence that, as we perceive from the opinion, was discovered after the defendant's conviction. *Durrough v. State,* 620 S.W.2d 134, 138–39 (Tex.Cr.App.1981).

▮ In the light of the *Kennedy* court's consideration of the protections afforded by the provision against double jeopardy to arrive at the intent-rule, and the *Durrough* court's acceptance of its application to the fact situation in the appeal

before us, we apply it here. Therefore, we hold that appellant may invoke the bar of double jeopardy to prevent his retrial only if the prosecutors withheld the information about the fill with the intent to provoke him into moving for a mistrial.

The trial judge, who presided at appellant's trial, found that the State's attorneys, who withheld the information, did not intend to provoke appellant into moving for a mistrial. The factual finding must be upheld unless clearly erroneous. *United States v. Singleterry, supra,* at 125; *Anderson v. State,* 635 S.W.2d 722, 725 (Tex. Cr.App.1982). The finding has not been challenged by appellant and, since the trial court was the trier of fact, we cannot say the finding was clearly erroneous under the objective facts and circumstances. Rather it is readily acceptable that the objective facts and circumstances show, as the trial court found without challenge, that the prosecutors were motivated to secure a conviction of appellant, which, under *Kennedy* and *Durrough,* does not violate the double jeopardy clause.

It follows that neither the State nor the Federal constitutional provision against double jeopardy bars appellant's retrial. His five grounds of error are overruled.

The judgment is affirmed.